IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

TIFTON DOBBS,

      Plaintiff,

v.

                                 Case No. 3:12-cv-413-MEF
                                 (WO—Do Not Publish)

CITY OF LANETT, a municipality;
DEBORAH DANIEL,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants City of Lanett and Deborah Daniel's Motion to Dismiss (Doc. #2), which has been fully briefed and is ripe for disposition. For the reasons set forth below, the Court finds that the motion is due to be GRANTED.

**I. JURISDICTION AND VENUE**

The Court has jurisdiction over the federal claims in this case under 28 U.S.C. § 1331 (federal question), and it has jurisdiction over the state claims in this case under 28 U.S.C. § 1367.[1] The parties do not claim that the Court lacks personal jurisdiction over them, nor do they dispute that venue is proper under 28 U.S.C. § 1391(b). The Court finds adequate allegations supporting both.

---

[1] Defendants properly removed this action to federal court on May 7, 2012, pursuant to 28 U.S.C. § 1441, as the Court has original jurisdiction over this action under 28 U.S.C. § 1331. (Doc. #1.)

## II. FACTUAL AND PROCEDURAL BACKGROUND

On May 7, 2012, Defendants City of Lanett (the "City") and Deborah Daniel ("Daniel") (collectively, "Defendants") properly removed the case to federal court from the Circuit Court of Chambers County, Alabama. (Doc. #1.) Although the Complaint, is a far cry from clear, and fails to even separate each cause of action, the Court will do its best to decipher Plaintiff's claims. That being said, and from what the Court can gather, Plaintiff's Complaint alleges: (1) a procedural due-process claim under the Fourteenth Amendment of the Constitution of the United States, (2) a procedural due-process claim under the Alabama Constitution of 1901, (3) a breach of contract claim, (4) a claim for violation of Alabama Code § 11-43-81, and (5) a claim for negligence in the implementation of the City's employment termination and review process. (Doc. #1-2, at 1–3.)

Plaintiff Tifton Dobbs ("Plaintiff" or "Dobbs"), a police officer for the City was terminated from his employment by Daniel, who serves as the city manager for the City of Lanett. (Doc. #1-2, ¶ 3.) Dobbs requested and was provided a due process hearing regarding his termination. (Doc. #1-2, ¶ 5.) However, Dobbs claims that because Daniel, the same employee who initiated the termination procedure, has the authority to uphold the City's initial decision to terminate, notwithstanding the results of the due process hearing, the City's termination procedure fails to provide due process as contemplated under the United States and Alabama Constitution. (Doc. #1-2, ¶ 5.) Dobbs also avers that the City breached its contractual, ethical, and moral obligations, but he fails to provide any factual

2

basis for these contentions.  (Doc. #1-2, ¶ 8.)  Finally, Dobbs contends that the Defendants'

actions were negligent and caused him to suffer embarrassment, loss of salary, loss of

employment benefits, and the ability to obtain similar gainful employment, but he again fails

to allege any facts to support these claims.  (Doc. #1-2, ¶ 11.)

### III. LEGAL STANDARD

A motion to dismiss tests the legal sufficiency of the complaint.  Fed. R. Civ. P.

12(b)(6).  It does not delve into disputes over the proof of the facts alleged—such a crucible

is reserved for the summary judgment stage.  With this in mind, the Court accepts as true all

well-pled factual allegations in the complaint, viewing them in the light most favorable to

the plaintiff.  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008); *Am. United Life

Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007).  The Court will grant a motion

to dismiss "when, on the basis of a dispositive issue of law, no construction of the factual

allegations will support the cause of action."  *Marshall Cnty. Bd. of Educ. v. Marshall Cnty.

Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

A motion to dismiss also requires compliance with some minimal pleading standards.

Indeed, although a plaintiff's complaint generally need only contain "a short and plain

statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2),

the plaintiff  must still allege "enough facts to state a claim to relief that is plausible on its

face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007).  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Moreover, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 559.  Nor does it suffice if the pleadings merely leave "open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." *Id.* at 561.

## IV. DISCUSSION

### A.  Federal Procedural Due Process Claim

Procedural due process places limits on a government's ability to deprive individuals of "liberty or property within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment."  *Mathews v. Elridge*, 424 U.S. 319, 332 (1976).  In the employment context, an essential principle of due process is that "a deprivation of life, liberty, or property be preceded by notice of the charges against [the employee], an explanation of the employer's evidence, and an opportunity to present his side of the story [at a hearing] before a state or state agency may terminate an employee." *McKinney v. Pate*, 20 F.3d 1550, 1561 (11th Cir. 1994).

The principle that due process requires a hearing prior to termination does not, however, require that the hearing be elaborate. *See Loudermill*, 470 U.S. at 546. Likewise, "due process does not require the state to provide an impartial decisonmaker at the pre-termination hearing."  *McKinney*, 20 F.3d at 1562.  Indeed, "a demonstration that the

decisionmaker was biased is not tantamount to a demonstration that there has been a denial of procedural due process." *Id.* Instead, where a state procedure is inadequate, the state is obligated to make available a means through which the employee can receive redress for the deprivation. *See Zinermon v. Burch*, 494 U.S. 114, 123 (1990). Thus, no procedural due process right has been violated unless and until the state fails to remedy the inadequacy. *See McKinney*, 20 F.3d at 1560. This is because, unlike substantive due process violations, "procedural due process violation[s] do not become complete unless and until the state refuses to provide due process." *Id*. at 1557. Hence, it is the state's failure to provide adequate procedures to remedy the otherwise procedurally flawed deprivation of a protected interest that gives rise to a federal procedural due process claim. *See Bass v. Perrin*, 170 F.3d 1312, 1319 (11th Cir. 1999); *Harris v. Bd. of Educ.*, 105 F.3d 591, 596 (11th Cir. 1997).

The rule that a procedural due process claim exists only when there are inadequate state remedies available to cure an alleged procedural deprivation recognizes that "the state must have the opportunity to remedy the procedural failings of its subdivisions and agencies in the appropriate fora" before being subjected to a procedural due process claim in federal court. *See Cotton v. Jackson*, 216 F.3d 1328, 1331 (11th Cir. 2000). Accordingly, in order to determine if a plaintiff has stated a valid procedural due process claim, courts must look to whether state procedures were available and were adequate to correct the alleged procedural deficiencies. *See Bell v. City of Demopolis, Ala.,* 86 F.3d 191, 192 (11th Cir.

1996). If adequate state remedies were available but the plaintiff failed to take advantage of them, the plaintiff cannot rely on his or her failure to take advantage of them to claim that the state deprived him of procedural due process. *See Cotton*, 216 F.3d at 1331. And, to be adequate, "the state procedure need not provide all the relief available," but rather, "the state procedure must be able to correct whatever deficiencies exist and to provide plaintiff whatever process is due." *Id.*

Dobbs does not dispute that he received a due process hearing prior to his termination. (Doc. #1-2, ¶ 5.) Instead, Dobbs argues that the due process hearing provided to him by Defendant was insufficient because the results of the hearing were only advisory and, as such, allowed for a biased decisionmaker to ignore the suggestions of the hearing officer. However, the Court need not and will not determine whether the termination procedure utilized by Defendant was inadequate. Indeed, the presence of inadequacies in defendants' due process procedure does not amount to a violation of procedural due process unless and until the state refuses to or cannot correct the alleged procedural deficiencies. *See Cotton*, 216 F.3d at 1331. Thus, the sole question for the Court to consider is whether the State of Alabama had available to Dobbs an adequate post-deprivation remedy.

Dobbs has not alleged that the State of Alabama failed to provide him with adequate post-deprivation remedies or that the State of Alabama's procedures will not provide him with an adequate post-deprivation remedy. *See Tinney v. Shores*, 77 F.3d 378, 383 (11th Cir. 1996) ("The [plaintiffs] . . . failed to state a valid procedural due process claim because they

6

[did] not allege [ ] that Alabama law provided them with an inadequate post-deprivation remedy."). Thus, Dobbs has failed to state a valid claim upon which relief can be granted for denial of his procedural due process claims.

Moreover, taking the facts pled in Dobbs' complaint as true, the Court finds that Dobbs failed to avail himself of the full remedial procedures provided by state law. Instead, Dobbs filed a federal due process claim in the Circuit Court or Chambers County, Alabama, *before* utilizing the State of Alabama's post-deprivation remedies. (Doc. #1-2, at 1–3.) Accordingly, Dobbs has failed to make a showing that his procedural due process rights have been violated, and Defendants' Motion to Dismiss this claim is due to be granted.

**B. State Law Claims**

Dobbs' complaint appears to asserts the following state law claims: (1) a procedural due-process claim under the Alabama Constitution of 1901, (2) a breach of contract claim, (3) a claim for violation of Alabama Code § 11-43-81, and (4) a claim for negligence in the City's implementation of the employment termination and review process. (Doc. #1–2, ¶ 11.) While the Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a),[2] a district court may decline to exercise supplemental jurisdiction under this provision if the district court has dismissed all claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c)(3). Because the Court has dismissed the federal claim over which it had original

---

[2] In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. *See* 28 U.S.C. § 1367.

jurisdiction—Plaintiff's Fourteenth Amendment procedural due process claim—the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, and these claims are remanded to the Circuit Court of Chambers County, Alabama.

## V. CONCLUSION

Based on the foregoing, it is hereby ORDERED that Defendant City of Lanett's and Deborah Daniel's Motion to Dismiss (Doc. #2) is GRANTED, and Plaintiff's remaining state law claims are remanded to the Circuit Court of Chambers County, Alabama.

Done this the 9th day of September, 2013.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE
